# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF

| | | |
|---|---|---|
| In re: | § § | |
| LUDWIK ELECTRIC SERVICE INC. | § § | Case No. 10-49124 |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on     . The undersigned trustee was appointed on                    .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]                    $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____   By:/s/ANDREW J. MAXWELL, TRUSTEE_____
                                        Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 1
Exhibit A

Case No:        10-49124     JPC    Judge: JACQUELINE P. COX                   Trustee Name:            ANDREW J. MAXWELL, TRUSTEE
Case Name:      LUDWIK ELECTRIC SERVICE INC.                                   Date Filed (f) or Converted (c):   11/01/10 (f)
                                                                                341(a) Meeting Date:     01/05/11
For Period Ending: 08/21/13                                                     Claims Bar Date:         07/03/12

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Checking - Northern Trust | 4,458.54 | 4,458.54 | | 0.00 | FA |
| 2. 2008 Mercedes ML320 In debtor's possession | 29,490.00 | 29,490.00 | | 3,000.00 | FA |
| 3. 1996 Dodge Van 3500 In debtor's possession 95,000 | 1,500.00 | 1,500.00 | | 1,500.00 | FA |
| 4. 2000 Dodge Van 3500 In debtor's possession - 97,00 | 1,900.00 | 1,900.00 | | 1,500.00 | FA |
| 5. 2003 Chevrolet Express Van 350 - 64,500 miles | 3,200.00 | 3,200.00 | | 1,500.00 | FA |

                                                                                                                Gross Value of Remaining Assets
TOTALS (Excluding Unknown Values)                       $40,548.54       $40,548.54                    $7,500.00              $0.00
                                                                                                                (Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

various business assets and a/r being investgated

Initial Projected Date of Final Report (TFR): 12/31/12    Current Projected Date of Final Report (TFR): 12/31/13

LFORM1   UST Form 101-7-TFR (5/1/2011) *(Page: 3)*                                                                     Ver: 17.02c

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1
Exhibit B

| Case No: | 10-49124 -JPC | | Trustee Name: | ANDREW J. MAXWELL, TRUSTEE |
| --- | --- | --- | --- | --- |
| Case Name: | LUDWIK ELECTRIC SERVICE INC. | | Bank Name: | ASSOCIATED BANK |
| | | | Account Number / CD #: | *******7837 Checking Account |
| Taxpayer ID No: | *******5335 | | | |
| For Period Ending: | 08/21/13 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 08/30/12 | | Trsf In From Bank of America, N.A. | INITIAL WIRE TRANSFER IN | 9999-000 | 1,498.85 | | 1,498.85 |
| 09/14/12 | 3 | Ludwik's Electric Inc. 5915 N. Milwaukee Ave. Chicago, IL 60646 | Deposit | 1129-000 | 1,500.00 | | 2,998.85 |
| 10/16/12 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 1.36 | 2,997.49 |
| 10/17/12 | 5 | Ludwik's Electric Inc. 5915 N. Milwaukee Ave Chicago, IL 60646 | Deposit | 1129-000 | 1,500.00 | | 4,497.49 |
| 11/05/12 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 2.34 | 4,495.15 |
| 11/27/12 | 4 | Ludwik's Electric Inc. | Deposit | 1129-000 | 1,500.00 | | 5,995.15 |
| 12/07/12 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 2.89 | 5,992.26 |
| 12/31/12 | 2 | Ludwik's Electric Inc 5915 N Milwaukee ave Chicago IL 60646-5419 | Debtor Deposit | 1129-000 | 1,500.00 | | 7,492.26 |
| 01/08/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 3.85 | 7,488.41 |
| 01/30/13 | | LUDWIK'S ELECTRIC INC 5915 N. Milwaukee ave Chicago, IL 60646-5419 | Debtor's Deposit | 1129-000 | 2,000.00 | | 9,488.41 |
| 02/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 11.32 | 9,477.09 |
| 03/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 12.73 | 9,464.36 |
| 03/22/13 | 010001 | INTERNATIONAL SURETIES, LTD. ONE SHELL SQUARE 701 POYDRAS STREET, STE 420 NEW ORLEANS LA 70139 | BOND PAYMENTS | 2300-000 | | 7.90 | 9,456.46 |
| 04/05/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 14.07 | 9,442.39 |
| 05/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 13.58 | 9,428.81 |
| 06/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 14.02 | 9,414.79 |
| 07/08/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 13.55 | 9,401.24 |

Page Subtotals 9,498.85 97.61

**FORM 2**

Page: 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 10-49124 -JPC | Trustee Name: | ANDREW J. MAXWELL, TRUSTEE |
|---|---|---|---|
| Case Name: | LUDWIK ELECTRIC SERVICE INC. | Bank Name: | ASSOCIATED BANK |
|  |  | Account Number / CD #: | *******7837  Checking Account |
| Taxpayer ID No: | *******5335 |  |  |
| For Period Ending: | 08/21/13 | Blanket Bond (per case limit): | $ 5,000,000.00 |
|  |  | Separate Bond (if applicable): |  |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| 08/07/13 |  | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 |  | 13.98 | 9,387.26 |

|  | COLUMN TOTALS | 9,498.85 | 111.59 | 9,387.26 |
|---|---|---|---|---|
|  | Less:  Bank Transfers/CD's | 1,498.85 | 0.00 |  |
|  | Subtotal | 8,000.00 | 111.59 |  |
|  | Less:  Payments to Debtors |  | 0.00 |  |
|  | Net | 8,000.00 | 111.59 |  |

Page Subtotals          0.00          13.98

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 3
Exhibit B

| Case No: | 10-49124 -JPC | Trustee Name: | ANDREW J. MAXWELL, TRUSTEE |
|---|---|---|---|
| Case Name: | LUDWIK ELECTRIC SERVICE INC. | Bank Name: | Bank of America, N.A. |
| | | Account Number / CD #: | *******6113 Money Market - Interest Bearing |
| Taxpayer ID No: | *******5335 | | |
| For Period Ending: | 08/21/13 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 08/16/12 | 2 | Ludwik Electric Inc. | RCPTS - LIQUID. OF PERSONAL PROP. | 1129-000 | 1,500.00 | | 1,500.00 |
| 08/30/12 | | Bank of America, N.A. | BANK FEES | 2600-000 | | 1.15 | 1,498.85 |
| | | 901 MAIN STREET | | | | | |
| | | 10TH FLOOR | | | | | |
| | | DALLAS, TX  75283 | | | | | |
| 08/30/12 | | Trsf To ASSOCIATED BANK | FINAL TRANSFER | 9999-000 | | 1,498.85 | 0.00 |

|  |  | |
|---|---|---|
| COLUMN TOTALS | 1,500.00 | 1,500.00 | 0.00 |
| Less: Bank Transfers/CD's | 0.00 | 1,498.85 | |
| Subtotal | 1,500.00 | 1.15 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 1,500.00 | 1.15 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Checking Account - ********7837 | 8,000.00 | 111.59 | 9,387.26 |
| Money Market - Interest Bearing - ********6113 | 1,500.00 | 1.15 | 0.00 |
| | ----------------------- | ----------------------- | ----------------------- |
| | 9,500.00 | 112.74 | 9,387.26 |
| | ============ | ============ | ============ |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals   1,500.00   1,500.00

UST Form 101-7-TFR (5/1/2011) (Page: 6)

LFORM24

Ver: 17.02c

| | | EXHIBIT C | | | |
|---|---|---|---|---|---|
| Page 1 | | ANALYSIS OF CLAIMS REGISTER | | | Date: August 21, 2013 |

Case Number: 10-49124  
Debtor Name: LUDWIK ELECTRIC SERVICE INC.

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001<br>3120-00 | MAXWELL LAW GROUP, LLC<br>105 W ADAMS ST<br>SUITE 3200<br>CHICAGO, IL 601603 | Administrative | | $12,754.80 | $0.00 | $12,754.80 |
| BOND 999<br>2300-00 | INTERNATIONAL SURETIES, LTD.<br>ONE SHELL SQUARE<br>701 POYDRAS STREET, STE 420<br>NEW ORLEANS LA 70139 | Administrative | | $7.90 | $7.90 | $0.00 |
| 000001<br>070<br>7100-00 | Bank of America<br>NC1-001-07-06<br>101 N. Tryon St<br>Charlotte, NC 28255-0001 | Unsecured | | $63,756.40 | $0.00 | $63,756.40 |
| 000002A<br>070<br>7100-00 | Illinois Department of Employment Security<br>33 South State Street<br>Chicago, Illinois 60603<br>Attn: Bankruptcy Unit - 10th flr. | Unsecured | | $259.77 | $0.00 | $259.77 |
| 000002B<br>070<br>7100-00 | Illinois Department of Employment Security<br>33 South State Street<br>Chicago, Illinois 60603<br>Attn: Bankruptcy Unit - 10th flr. | Unsecured | | $300.00 | $0.00 | $300.00 |
| 000003<br>070<br>7100-00 | Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany OH 43054-3025 | Unsecured | | $8,886.05 | $0.00 | $8,886.05 |
| 000004<br>070<br>7100-00 | American Express Bank, FSB<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Unsecured | | $10,892.10 | $0.00 | $10,892.10 |
| 000005A<br>070<br>7100-00 | Illinois Department of Revenue<br>Bankruptcy Section<br>PO Box 64338<br>Chicago, IL 60664-0338 | Unsecured | | $3,026.89 | $0.00 | $3,026.89 |
| 000006<br>070<br>7100-00 | Active Electric Supply Co<br>James P Ziegler<br>1 E. Wacker Dr. #2610<br>Chicago, IL 60601 | Unsecured | | $3,757.17 | $0.00 | $3,757.17 |
| | Case Totals: | | | $103,641.08 | $7.90 | $103,633.18 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 10-49124
Case Name: LUDWIK ELECTRIC SERVICE INC.
Trustee Name: ANDREW J. MAXWELL, TRUSTEE

Balance on hand $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: ANDREW J. MAXWELL, TRUSTEE | $ | $ | $ |
| Attorney for Trustee Fees: MAXWELL LAW GROUP, LLC | $ | $ | $ |
| Attorney for Trustee Expenses: MAXWELL LAW GROUP, LLC | $ | $ | $ |
| Other: INTERNATIONAL SURETIES, LTD. | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses $_____
Remaining Balance $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $      must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $             have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Bank of America | $ | $ | $ |
| 000002A | Illinois Department of Employment Security | $ | $ | $ |
| 000002B | Illinois Department of Employment Security | $ | $ | $ |
| 000003 | Discover Bank | $ | $ | $ |
| 000004 | American Express Bank, FSB | $ | $ | $ |
| 000005A | Illinois Department of Revenue | $ | $ | $ |
| 000006 | Active Electric Supply Co | $ | $ | $ |

Total to be paid to timely general unsecured creditors      $_____

Remaining Balance      $_____

Tardily filed claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

   Tardily filed general (unsecured) claims are as follows:

NONE

   Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

   Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE